a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STACE ADAM DELEON, Plaintiff | CIVIL ACTION NO. 1:19-CV-599-P |
| VERSUS | JUDGE DEE D. DRELL |
| LA DEPT. OF CORRECTIONS, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Motion for Temporary Restraining Order ("TRO") (Doc. 1) and civil rights Complaint under 42 U.S.C. § 1983 (Doc. 2) filed by pro se Plaintiff Stace Adam DeLeon ("DeLeon") (#579867). DeLeon's Motion (Doc. 1) and Complaint (Doc. 2) were filed in the United States District Court for the Middle District of Louisiana and recently transferred to this Court. (Doc. 5). DeLeon is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. DeLeon challenges the grooming policy at CPCF and seeks declaratory and injunctive relief.

Because DeLeon cannot meet the requirements for a TRO, his Motion (Doc. 1) should be DENIED. However, his Complaint (Doc. 2) will be SERVED in accordance with a separate Order from the Court.

I.   **Background**

DeLeon alleges that he has taken the "Nazarite Vow" which prohibits him from cutting his hair. (Doc. 1-2, p. 1). Since the filing of DeLeon's suit in Middle District of Louisiana, his hair has been cut by officials at CPCF. (Doc. 11).

II.  **Law and Analysis**

DeLeon seeks a TRO preventing Defendants from enforcing the grooming policy because of his religious beliefs. (Doc. 1).

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for DeLeon to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an

adverse effect on the public interest. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); Flores v. Jacobs, 442 F. App'x 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 F. App'x at 165.

DeLeon cannot meet all the requirements set forth above. DeLeon's hair has already been cut in accordance with the policy, so he can no longer show that immediate irreparable injury, loss, or damage will result to him before the adverse parties can be heard in opposition.

DeLeon is not entitled to a TRO, but his claim for declaratory and injunctive relief should proceed.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that DeLeon's Motion for Temporary Restraining Order (Doc. 1) be DENIED. DeLeon's Complaint (Doc. 2) will be served pursuant to a separate Order.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection

to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __24th__ day of May, 2019.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge