a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| STACE ADAM DeLEON, Plaintiff | CIVIL DOCKET NO. 1:19-CV-599-P |
| VERSUS | JUDGE DEE D. DRELL |
| LA DEPT. OF CORRECTIONS, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Doc. 2) filed by pro se Plaintiff Stace Adam DeLeon ("DeLeon") (#579867). DeLeon is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Concordia Parish Correctional Facility ("CPCF") in Ferriday, Louisiana. DeLeon challenges the grooming policy at CPCF under RLUIPA and seeks declaratory and injunctive relief.

Because DeLeon has failed to comply with a Court Order (Doc. 13), his Complaint (Doc. 2) should be DISMISSED WITHOUT PREJUDICE.

I. **Background**

DeLeon alleges that he has taken the "Nazarite Vow" which prohibits him from cutting his hair. (Doc. 1-2, p. 1). Since the original filing of DeLeon's suit in the Middle District of Louisiana, his hair has been cut by officials at CPCF. (Doc. 11).

The Court ordered DeLeon to complete summonses and provide documents for service of process by June 24, 2019. (Doc. 13).

## II. Law and Analysis

A district court may dismiss an action for a petitioner's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*, without a motion by a defendant. See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." Id. at 629-30.

More than 60 days have passed since the deadline, and DeLeon has failed to comply with the Court's Order or request an extension of time within which to comply.

## III. Conclusion

Because DeLeon has failed to comply with the Court's Order regarding service of process, IT IS RECOMMENDED that DeLeon's Complaint (Doc. 2) be DISMISSED WITHOUT PREJUDICE under Rule 41(b) of the Federal Rules of Civil Procedure.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed,

unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __25th__ day of September 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE